IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-73,738-01 & WR-73,738-03






EX PARTE DARLENE D. GENTRY, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2006-20-C1 IN THE 19TH DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to sixty years' imprisonment. The Tenth Court of Appeals affirmed her conviction. 
Gentry v. State, No. 10-07-00052-CR (Tex. App.-Waco, delivered June 11, 2008). 

 Applicant contends, inter alia, that she received ineffective assistance of counsel at trial and
on appeal. She contends further that the State elicited perjured testimony at trial, that the prosecutor
engaged in improper jury argument and that Applicant has suffered three Brady (1) violations. 

 Applicant has alleged facts that, if true, might entitle her to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial counsel and appellate counsel to file affidavits responding to applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of applicant's trial
and appellate attorneys was deficient and, if so, whether counsel's deficient performance prejudiced
applicant. The trial court shall also make findings of fact as to whether the State elicited perjured
testimony, whether the prosecutor engaged in improper jury argument and whether Applicant has
suffered a Brady violation. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of applicant's claim for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 16, 2010

Do not publish

1. Brady v. Maryland, 373 U.S. 83 (1963).